# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JACQLYN POWELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **Case No. 3:24-cv-01315** |
| | ) | |
| WESTERN EXPRESS, INC. | ) | **CRENSHAW/HOLMES** |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WESTERN EXPRESS'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Western Express, Inc. ("Western"), by and through undersigned counsel, files this Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff's Amended Complaint.[1]

## I.      INTRODUCTION

Plaintiff, Jacqlyn Powell ("Plaintiff") brings this lawsuit asserting various claims against Western, some of which should be dismissed pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure as a result of Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff's common law claims for Assault and Battery, Intentional Infliction of Emotional

---

[1] Defendant previously filed a Motion to Dismiss Plaintiff's Complaint in its entirety and supporting Memorandum of Law. (D.Es. 13, 14). Plaintiff filed a motion for leave to amend her Complaint, (D.E. 19), which was granted by the Court in its February 4, 2025 Order, (D.E. 21), thus making the Amended Complaint, (D.E. 22), the operative complaint and effectively rendering Defendant's motion papers moot. The Amended Complaint has remedied Defendant's concerns regarding claims I-IV with respect to a motion to dismiss and therefore Defendant no longer seeks to dismiss those claims at this stage in the litigation. However, it has not remedied Defendant's concerns regarding the remaining claims and, as a result, Defendant files this instant Motion again seeking dismissal of Plaintiff's Counts V-IX as set forth in Plaintiff's Amended Complaint.

Distress, Negligent Infliction of Emotional Distress, and Failure to Train and Supervise are each barred by the exclusivity provision of the Tennessee Workers Compensation Act ("TWCA"), and accordingly should be dismissed with prejudice. Plaintiff's 18 U.S.C. § 1591 claim (commonly known as the sex trafficking prohibition) is based on nothing more than thread-bare and conclusory allegations without any factual support and should likewise be dismissed under Rule 12(b)(6) with prejudice.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Terry v. Tyson Farms, Inc*., 604 F.3d 272, 275-76 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.,* 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court held that a complaint need not contain detailed factual allegations, but the plaintiff must provide grounds for entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "The key inquiry is whether the facts in the complaint set out 'a claim to relief that is plausible on its face.'" *Id*. at 570.

## III. ANALYSIS

### A. Plaintiff's Common Law Claims are Barred by the Exclusive Remedy Provision of the Tennessee Workers' Compensation Act.

#### 1. Negligence-based Common Law Claims

Tennessee courts have consistently held that negligence-based torts are barred by the exclusivity provision of Tennessee's workers' compensation law. The TWCA provides in pertinent part that "[t]he rights and remedies granted to an employee subject to this chapter, on

2

account of personal injury or death by accident…shall exclude all other rights and remedies of the employee,…at common law or otherwise, on account of the injury or death." Tenn. Code. Ann. § 50-6-108(a). Pursuant to this section, workers' compensation law provides the exclusive remedy for an employee who is injured during the course and scope of her employment, meaning the employee is precluded from seeking tort damages for the injury. *Liberty Mut. Ins. Co. v. Stevenson*, 212 Tenn. 178, 181 (Tenn. 1963); *see Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003).

While Tennessee courts have created an exception to this exclusivity provision for *intentional torts* premised upon an "actual intent" to injure, *see infra*, these courts have routinely held that claims for negligent infliction of emotional distress and negligent training and supervision[2] do not fall within this exception. *See Gray v. McDonald's Corp.*, 2011 WL 13116678, at *6 (W.D. Tenn. Mar. 14, 2011) (dismissing negligent infliction of emotional distress claim and negligent supervision claim, among other claims, as precluded by TWCA workers' compensation exclusivity); *Romines v. Hascall Steel Co.*, 2007 WL 9783241, at *7 (M.D. Tenn. May 3, 2007) (finding negligent supervision claim, among other claims, barred by TWCA workers' compensation exclusivity); *Giles v. Hometown Folks*, *LLC*, 2014 WL 5169669, at *7 (E.D. Tenn. Oct. 14, 2014) (finding plaintiff's claim for negligent infliction of emotional distress was barred by the exclusive remedy of the TWCA); *Bellomy v. Autozone, Inc.*, 2009 WL 4059158, at *2, *10-11 (Tenn. Ct. App. Nov. 24, 2009) (affirming the trial court's decision that the TWCA barred plaintiff's negligent infliction of emotional distress and negligent supervision claims arising out her supervisors' gender discrimination); *Leu v. Embraer Aircraft Maint. Servs.*, Inc., 2011 WL

---

[2] The Tennessee Supreme Court has held that a claim for failure to train and supervise is a claim of negligent training and negligent supervision. *Binns v. Trader Joe's E., Inc.*, 690 S.W.3d 241, 244, n.2 (Tenn. 2024).

1337405, at *7 (M.D. Tenn. Apr. 7, 2011); *Fonseca v. Golden Living Ctr.-Mountainview*, 2010 WL 3155984, at *6 (E.D. Tenn. Aug. 10, 2010); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 211 (Tenn. Ct. App. 1994) (confirming the trial court's dismissal of plaintiff's negligent supervision claim for failure to state a claim upon which relief could be granted, applying an almost identical provision of Mississippi's workers' compensation law)); *Mathis v. Bowater Inc.*, 985 F.2d 277, 279 (6th Cir. 1993) ("[The employee is barred from recovering damages from his employer for injuries resulting from his employer's negligence making workers' compensation benefits the employee's exclusive remedy." (citation omitted)).[3]

On this basis, Plaintiff's claims for negligent infliction of emotional distress and negligent training and supervision (Claims VII and VIII, respectively) against it are barred by the TWCA's exclusivity provision, and should be properly dismissed with prejudice.

### 2. Intentional Common Law Claims

Plaintiff's IIED and Assault and Battery claims against Western likewise fail to state a claim upon which relief can be granted because those claims are also barred by the TWCA's exclusive remedy provision. *See Federated Rural Elec. Ins. Exchange v. Hill*, 2007 WL 907717, at *9 (Tenn. Ct. App. March 26, 2007) (dismissing the plaintiff's IIED claim as barred by the

---

[3] In a passing footnote via dicta, this Court stated that, "[a]lthough Tennessee courts have carved out a narrow exception for sexual harassment as a matter of public policy, so that sexual harassment claims are not covered by the TWCA, negligence claims arising from discrimination claims are covered by the TWCA exclusively." *Southall v. USF Holland, Inc.*, 2018 WL 6413651, at *14, n.25 (M.D. Tenn. Dec. 5, 2018) (Richardson, J.). However, the Tennessee Supreme Court has not directly opined on this issue. Whether common law claims related to sexual harassment claims are not barred by the exclusive remedy provision of the TWCA and what the public policy of the State of Tennessee is are decisions to be made by the Tennessee Supreme Court, not federal courts. Accordingly, Western avers that unless and until the Tennessee Supreme Court explicitly holds that common law claims related to sexual harassment claims are not barred by the exclusive remedy provision of the TWCA, such claims are barred by the exclusive remedy provision of the TWCA.

exclusive remedy provision of the Tennessee Workers' Compensation Act); *Gray v. McDonald's Corp.*, 2011 WL 13116678, at \*6 (W.D. Tenn. Mar. 14, 2011) (dismissing intentional infliction of emotional distress claim and assault and battery claim, among other claims, as precluded by TWCA workers' compensation exclusivity); *Romines v. Hascall Steel Co.*, 2007 WL 9783241, at \* (M.D. Tenn. May 3, 2007) (dismissing the plaintiff's assault and battery claim as barred by the exclusive remedy provision of the TWCA "beyond any doubt"). As explained *supra*, the TWCA's exclusive remedy provision precludes a plaintiff from seeking damages for a tort, unless the employee can prove that the employer committed an intentional tort and had actual intent to harm the employee. *Bellomy*, 2009 WL 4059158, at \*11. "Actual intent" differs from the traditional definition of intent, which only requires that the tortfeasor knew the injury would follow his actions. *See Valencia*, 108 S.W.3d 239. Rather, "actual intent" has been discussed as follows:

> Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute or other misconduct of the employer short of general intentional injury…. Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, willfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character.

*Valencia*, 108 S.W.3d at 242.

Here, the TWCA bars Plaintiff's IIED claim because the tort of IIED does not contemplate the "actual intent" necessary to fall under the exception to that act. *See*, *Bellomy*, 2009 WL 4059158, at \*10. Plaintiff's Amended Complaint is devoid of any alleged facts sufficient to show that Western had an actual intent to harm her. Furthermore, the fact that Plaintiff has also alleged a claim for harassment and retaliation in violation of the Title VII and the THRA does not in and of itself cure Plaintiff's deficient pleading and does not serve to demonstrate "actual intent." *See*

5

*Payton*, 2015 WL 758468, at \*17 ("[E]ven where courts permit claims of harassment or retaliation to proceed under state and federal statutes, courts will not permit [such tort] claims to proceed in most employment discrimination cases; this approach applies even where a defendant or its employees engaged in highly reprehensible conduct or otherwise intended to cause the plaintiff to suffer emotional distress.") (citing *DeSoto v. Bd. of Parks & Recreation*, 64 F. Supp. 3d 1070, 1096 (M.D. Tenn. 2014)).

Likewise, a co-employee's—even a supervisory co-employee's—intentional tort will not give rise to a cause of action against the employer, *Williams v. Smith*, 435 S.W.2d 808, 811 (Tenn. 1968), unless the employer actually intended to injure the employee. *Blair v. Allied Maintenance Corp.*, 756 S.W.2d 267, 270 (Tenn. Ct. App. 1988) (holding that the plaintiff employee was not barred by the workers' compensation statute from bringing common-law claims directly against a supervisor in his individual capacity for the intentional torts of assault and outrageous conduct, but that the TWCA barred any claims against the employer based upon the supervisor's assault absent allegations or proof that the employer intended to injure the employee). As for the degree of intent required for imposing liability on the employer, longstanding precent of the Tennessee Supreme Court holds that suits against an employer based upon intentional assaults against an employee by a co-employee, even in a supervisory position, are barred "[u]nless the employer has *commanded or expressly authorized* the assault." *Romines v. Hascall Steel Co.*, 2007 WL 9783241, at \*6 (M.D. Tenn. May 3, 2007) (quoting *Williams*, 435 S.W.2d at 810) (emphasis in original). "In any event, it should be remembered that the victim can always sue the person himself who was guilty of the assault, and that therefore the corporateness of the employer does not leave the plaintiff altogether without a common-law defendant." *Id.* (quoting *Williams*, 435 S.W.2d at 810–11); *see also Gonzales v. Alman Const. Co.*, 857 S.W.2d 42, 48 (Tenn. Ct. App. 1993) (a common-law claim

against a corporate employer based upon intentional torts committed by employees "requires proof of actual intent to injure an employee in order to avoid the exclusive remedy provisions of the Workers' Compensation Act"). Simply put, "[t]he Tennessee Supreme Court has held that the exclusive remedy provision of the TWCA bars a common law tort action against the employer where an employee supervisor intentionally commits an assault and battery upon a fellow employee." *Gray v. McDonald's Corp.*, 2011 WL 13116678, at *6 (W.D. Tenn. Mar. 14, 2011).

For these reasons, Plaintiff's claims for IIED and Assault and Battery claims (Claims VI and V, respectively) should be dismissed with prejudice.

## B. Plaintiff Cannot Sustain a Claim of Sex Trafficking.

Plaintiff, without any factual support whatsoever, has filed a claim alleging Western engaged in sex trafficking in violation of 18 U.S.C. § 1591. Plaintiff's Amended Complaint allegations are precisely the type that Rule 12(b)(6) is intended to preclude – Plaintiff's claim is nonsensical, based solely on thread-bare conclusory allegations, and should be dismissed as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Annette v. Haslam*, 2019 WL 4744851, at *6, n.9 (M.D. Tenn. Sept. 30, 2019).

As this Court has previously recognized, Congress initially passed the Trafficking Victims Protection Act of 2000 "[t]o combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude, to reauthorize certain Federal programs to prevent violence against women, and for other purposes." *Ramsbottom v. Ashton*, 2022 WL 106733, at *8 (M.D. Tenn. Jan. 11, 2022) (Trauger, J.) (quoting Victims of Trafficking and Violence Protection Act of 2000, PL 106–386 (Division A), Oct. 28, 2000, 114 Stat 1464). The legislation created criminal offenses for forced labor and sex trafficking. *Id*. The statute makes it a crime both to actively engage in sex trafficking and to knowingly benefit from participation in a venture that the defendant either knows

is engaged in sex trafficking or acts in reckless disregard of that fact. *Id*. (citing *United States v. Afyare*, 632 F. App'x 272, 286–87 (6th Cir. 2016)). In the 2008 amendment, "Congress provided the victims of sex trafficking a civil cause of action, not only against perpetrators, but also against those who benefitted—financially or otherwise—from the sex trafficking of the victims. Section 1595 opened the door for liability against facilitators who did not directly traffic the victim, but benefitted from what the facilitator should have known was a trafficking venture." *Id*. at *9 (internal quotations omitted).

To state a claim under a § 1595(a) beneficiary theory, the plaintiff must allege facts—beyond mere conclusions—allowing the court to plausibly infer that the defendant (1) "knowingly benefit[ted] financially or by receiving anything of value" (2) from participation in a venture (3) that it "knew or should have known has engaged in" sex trafficking under § 1591. *Ramsbottom*, 2022 WL 106733, at *8. "The phrase 'knew or should have known,' echoes common language used in describing an objective standard of negligence." *Id*. Plaintiff has not alleged such facts.

First, Plaintiff claims without any factual support that Western "stood to benefit financially" from "sexual favors in exchange for training" because it would have resulted in Plaintiff being trained to do her job. (Doc. No. 1 at p. 12). "[P]articipation in a venture" requires that "a defendant actually participate and commit some 'overt act' that furthers the sex trafficking aspect of the venture." *Afyare*, 632 F. App'x at 286. Liability cannot be premised on the mere "receipt of a passive benefit" of an alleged sex trafficking venture. *See Ratha v. Patthana Seafood Co., Ltd.*, 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017). Plaintiff's Amended Complaint is devoid of any alleged active participation on the part of Western.

Second, Plaintiff also fails to plead the "benefits" element of liability—namely, that Western "knowingly benefit[ed] … from participation" in a sex-trafficking venture. *See* 18 U.S.C.

8

§ 1595(a). Under settled law, the "knowing" *mens rea* for this element requires not only that a defendant knowingly received benefits, but also that the defendant understood the connection between those benefits and the defendant's participation in a trafficking venture. *See, e.g., Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009) ("[C]ourts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element."). Put simply, the Amended Complaint does not contain any factual allegations to support a "causal relationship between the sex act" and the benefit purportedly received by the defendant. *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174, at \*16 (W.D. Ark. Dec. 24, 2013); *see also Cabusao v. Lombardi*, 2015 U.S. Dist. LEXIS 185609, at \*10 (S.D. Miss. Jan. 30, 2015) (plaintiff must allege facts showing how defendants "knowingly benefited from any alleged violation of the human trafficking laws").

To expand the definition of commercial sex act as defined within the law to the acts alleged in the Amended Complaint would be an unintended and unnecessary expansion that contrary to the original meaning of the law, and contrary to the intent and purpose of the law. Plaintiff's baseless attempt at alleging she was sex trafficked – despite the Amended Complaint containing no facts to support this claim – demeans the meaning of this statute and is an insult to those who have suffered the horrendous tragedies and atrocities by true sex trafficking. Plaintiff's unsupported claim should not be permitted to proceed. As this Court did in *Ramsbottom*, this claim (Claim IX) should be dismissed. *Ramsbottom v. Ashton*, 2022 WL 106733, at \*\*9-11 (M.D. Tenn. Jan. 11, 2022) (Trauger, J.).

## IV.    CONCLUSION

For the reasons set forth herein, Western respectfully requests the Court grant its motion and dismiss certain claims within Plaintiff's Amended Complaint.

Dated: February 18, 2025.

Respectfully submitted,

By:  *s/ Mary Leigh Pirtle*
Mary Leigh Pirtle (TN BPR# 026659)
Hunter K. Yoches (TN BPR# 036267)
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: (615) 742-6200
Facsimile:  (615) 742-6293
mpirtle@bassberry.com
hunter.yoches@bassberry.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of February 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Heather Moore Collins
Ashley Shoemaker Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Counsel for Plaintiff*

*s/ Mary Leigh Pirtle*

Mary Leigh Pirtle

46588679.1