## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JACQLYN POWELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-01315 |
| | ) | |
| WESTERN EXPRESS, INC. | ) | CRENSHAW/HOLMES |
| | ) | |
| DEFENDANT. | ) | |

## ANSWER TO AMENDED COMPLAINT

Comes now Defendant, Western Express, Inc. ("Defendant" or "Western"), by and through counsel, and for its Answer to the Amended Complaint filed by Plaintiff, Jacqlyn Powell ("Plaintiff"), states as follows:

As to the initial unnumbered Paragraph of the Amended Complaint, Defendant denies the allegations set forth, except Defendant admits that Plaintiff purports to bring the above-styled action against Defendant under the statutes and common law claims cited but denies that any facts exist upon which Plaintiff is entitled to relief on any of the causes of action alleged therein. Defendant incorporates by reference its responses to the specific allegations set forth below and denies any and all allegations inconsistent with such responses.

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to bring the causes of action articulated in Paragraph 1 of the Amended Complaint, but denies that any facts exists sufficient to support any such claims for relief against Defendant. Any remaining allegations in addition to or inconsistent with the foregoing are denied.

2.     Defendant admits that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a) and that venue is proper under 28 U.S.C. § 1391, but denies that any facts exist sufficient to support any such claims for relief against Defendant or for this Court to exercise its jurisdiction over the alleged claims. Any remaining allegations are denied.

3.     Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and avers that the Charge of Discrimination speaks for itself and is, therefore, the best evidence of its contents. Defendant further admits that the EEOC issued a Notice of Rights on January 7, 2025, and avers that the Notice speaks for itself and is, therefore, the best evidence of its contents. Any remaining allegations or any allegations inconsistent with the Charge of Discrimination or Notice of Rights are denied.

**PARTIES**

4.     Admitted.

5.     Admitted.

**FACTS**

6.     Denied.

7.     Denied.

8.     Denied. Defendant avers that Plaintiff was assigned to Mr. Lynch's truck for training on October 31, 2023, and that there was a second trainee on the truck who was a male.

9.     Denied.

10.     Defendant denies that Mr. Lynch made sexual advances toward Plaintiff, and therefore denies the allegations contained in Paragraph 10 of the Amended Complaint. Any remaining allegations in addition to or inconsistent with the foregoing are denied.

11.     Denied.

2

12. Defendant denies that Mr. Lynch touched Plaintiff, and therefore denies the allegations contained in Paragraph 12 of the Amended Complaint. Any remaining allegations in addition to or inconsistent with the foregoing are denied.

13. Defendant admits that Mr. Lynch resides in Texas. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Amended Complaint and therefore denies such allegations.

14. Admitted.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint and therefore denies such allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint and therefore denies such allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Amended Complaint and therefore denies such allegations.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

3

25.     Denied.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint and therefore denies such allegations.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint and therefore denies such allegations.

28.     Denied.  Defendant avers that Plaintiff reported incidents involving Mr. Lynch to Defendant on November 10, 2023, and Defendant provided Plaintiff with hotel accommodations and arranged for another trainer to pick her up.

29.     Denied. Defendant avers that it provided Plaintiff with hotel accommodations and arranged for another trainer to pick her up.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Defendant denies that Mr. Lynch "started making advances again", and therefore denies the allegations contained in Paragraph 35 of the Amended Complaint.  Any remaining allegations in addition to or inconsistent with the foregoing are denied.

36.     Denied.

37.     Denied.

4

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint and therefore denies such allegations.

39.     Denied, except Defendant admits that Plaintiff reported incidents involving Mr. Lynch to Defendant for the first time on November 10, 2023.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Amended Complaint and therefore denies such allegations, except admits that Plaintiff contacted Defendant regarding the whereabouts of her cell phone.

41.     Admitted.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Amended Complaint and therefore denies such allegations.

43.     Denied.

44.     Admitted.

45.     Defendant admits that Plaintiff sent an email to an employee in Defendant's Human Resources Department and avers that the email speaks for itself and is, therefore, the best evidence of its contents.

46.     Admitted.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     Denied.

5

51. Denied.

52. Denied.

53. Denied.

54. The allegations contained in Paragraph 54 of the Amended Complaint call for a legal conclusion or other statements to which no response is required. To the extent the allegations of Paragraph 54 are considered factual allegations, such allegations are denied.

## COUNT I
### (Title VII Sex Discrimination and Sexual Harassment)

55. In response to Paragraph 55 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT II
### (Title VII Retaliation)

61. In response to Paragraph 61 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein

62. The allegations contained in Paragraph 62 of the Amended Complaint call for a legal conclusion or other statements to which no response is required. To the extent the allegations of Paragraph 62 are considered factual allegations, such allegations are denied.

63. Denied.

64. Denied.

65.     Denied.

**COUNT III**
**(THRA Sexual Harassment)**

66.     In response to Paragraph 66 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

67.     Denied.

68.     Denied.

69.     Denied, except admits that Plaintiff reported incidents involving Mr. Lynch to Defendant.

70.     Denied.

**COUNT IV**
**(THRA Retaliation)**

71.     In response to Paragraph 71 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein

72.     The allegations contained in Paragraph 72 of the Amended Complaint call for a legal conclusion or other statements to which no response is required. To the extent the allegations of Paragraph 72 are considered factual allegations, such allegations are denied

73.     The allegations contained in Paragraph 73 of the Amended Complaint call for a legal conclusion or other statements to which no response is required. To the extent the allegations of Paragraph 73 are considered factual allegations, such allegations are denied

74.     Denied.

75.     Denied.

## COUNT V
### (Assault and Battery)

76. In response to Paragraph 76 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

77. The allegations in this Paragraph 77 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

78. The allegations in this Paragraph 78 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

79. The allegations in this Paragraph 79 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

80. The allegations in this Paragraph 80 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

81. The allegations in this Paragraph 81 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

82. The allegations in this Paragraph 82 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

83. The allegations in this Paragraph 83 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

**COUNT VI**
**(Intentional Infliction of Emotional Distress)**

84. In response to Paragraph 84 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

85. The allegations in this Paragraph 85 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

86. The allegations in this Paragraph 86 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

87. The allegations in this Paragraph 87 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

88. The allegations in this Paragraph 88 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

89. The allegations in this Paragraph 89 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

9

90. The allegations in this Paragraph 90 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

91. The allegations in this Paragraph 91 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

## COUNT VII
### (Negligent Infliction of Emotional Distress)

92. In response to Paragraph 92 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

93. The allegations in this Paragraph 93 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

94. The allegations in this Paragraph 94 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

95. The allegations in this Paragraph 95 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

96. The allegations in this Paragraph 96 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

10

## COUNT VIII
### (Failure to Train and Supervise)

97.    In response to Paragraph 97 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

98.    The allegations in this Paragraph 98 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

99.    The allegations in this Paragraph 99 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

100.    The allegations in this Paragraph 100 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

101.    The allegations in this Paragraph 101 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

## COUNT IV
### (18 U.S.C. § 1591)

102.    In response to Paragraph 102 of the Amended Complaint, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

103.    The allegations in this Paragraph 103 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

11

104. The allegations in this Paragraph 104 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

105. The allegations in this Paragraph 105 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

106. The allegations in this Paragraph 106 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

107. The allegations in this Paragraph 107 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

108. The allegations in this Paragraph 108 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

109. The allegations in this Paragraph 109 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required. To the extent a response is required, such allegations are denied.

110. The allegations in this Paragraph 110 are subject to Defendant's Partial Motion to Dismiss that was filed contemporaneously herewith and, as such, no response is required.  To the extent a response is required, such allegations are denied.

111. Any allegation not heretofore admitted or denied is here and now denied fully as if in detail.

**RELIEF REQUESTED**

Defendant denies that Plaintiff is entitled to any relief she seeks in her prayer for relief contained in the Amended Complaint. Defendant further denies that Plaintiff is entitled to declaratory relief or recover any damages, actual, compensatory or punitive, on any of the claims asserted by her, or that she is entitled to any other relief that she seeks.

**AFFIRMATIVE AND OTHER DEFENSES**

Now having fully answered, Defendant hereby pleads its affirmative and other defenses in this action:

**FIRST DEFENSE**

The Amended Complaint fails, in whole or in part, to state a claim against the Defendant upon which relief can be granted.

**SECOND DEFENSE**

Insofar as Plaintiff seeks to recover relief for alleged incidents of discrimination or retaliation not listed in any administrative charge of discrimination, such claims are not properly before the Court, and Plaintiff may not recover any federal relief for such incidents of alleged discrimination.

**THIRD DEFENSE**

Defendant denies discriminating against or retaliating against Plaintiff, and any actions taken with respect to Plaintiff were not based in any manner on alleged protected activity. All decisions made and actions taken by Defendant were based on legitimate, nondiscriminatory, and non-pretextual reasons and were in good faith, without malice, and without any intent to injure or harm Plaintiff and were, therefore, not in violation of any law.

13

## FOURTH DEFENSE

To the extent that discrimination or retaliation occurred, which Defendant denies, such conduct would have been in violation of the well-established and well-published policy of Defendant's prohibiting such unlawful conduct and only despite Defendant's good faith efforts to avoid such unlawful conduct.

## FIFTH DEFENSE

Defendant has in place a policy designed to prevent and correct any alleged discriminatory conduct and Plaintiff failed to take advantage of such preventive or corrective procedures or failed to avoid harm otherwise.

## SIXTH DEFENSE

Plaintiff has failed to mitigate some or all of her alleged damages, and Plaintiff's recovery, if any, should be reduced or barred accordingly.

## SEVENTH DEFENSE

Without admitting that Plaintiff has suffered damages, any damages awarded to Plaintiff must be reduced by any amount of income earned by Plaintiff subsequent to her separation from employment with Defendant.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because her damages, if any, were caused by her own conduct, acts or omissions.

## NINTH DEFENSE

Plaintiff's Amended Complaint fails to allege facts sufficient to justify an award of punitive damages against Defendant.

14

<h3 align="center">TENTH DEFENSE</h3>

Plaintiff cannot recover compensatory and/or punitive damages under all, or a part of, Plaintiff's causes of action because such damages are not recoverable under the statute or theory of recovery alleged and because any such punitive damages award would violate the due process clause of the United States Constitution and/or the Constitution of the State of Tennessee.

<h3 align="center">ELEVENTH DEFENSE</h3>

Plaintiff's claims for compensatory and punitive damages are limited by the applicable limitations on such damages set forth in 42 U.S.C. § 1981a(b)(3).

<h3 align="center">TWELFTH DEFENSE</h3>

Plaintiff's claim for alleged damages must be reduced to the extent Defendant discovers after-acquired evidence of additional wrongdoing by Plaintiff for which she would have been terminated.

<h3 align="center">THIRTEENTH DEFENSE</h3>

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel and/or acquiescence.

<h3 align="center">FOURTEENTH DEFENSE</h3>

The Complaint must be dismissed as to each claim made or sought to be made that is barred by the applicable statute of limitations.

<h3 align="center">RESERVATION OF RIGHTS</h3>

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendant respectfully requests the following relief:

1) That Plaintiff be afforded no relief that she seeks;

2) That Plaintiff's Amended Complaint be dismissed with prejudice;

3) That Defendant be awarded its reasonable attorneys' fees and expenses, and

4) That Defendant be awarded such other relief as to which it may be justly entitled in this case.

16

Dated: February 18, 2025.

Respectfully submitted,


By: *s/ Mary Leigh Pirtle*
Mary Leigh Pirtle (TN BPR# 026659)
Hunter K. Yoches (TN BPR# 036267)
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, Tennessee 37203
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
mpirtle@bassberry.com
hunter.yoches@bassberry.com

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Heather Moore Collins
Ashley Shoemaker Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Counsel for Plaintiff*

*s/ Mary Leigh Pirtle*
Mary Leigh Pirtle


46600094.7

17